# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

TRACY JUSTIN KECK
STACEY RENA KECK

        Debtors

Case No. 06-32392

## MEMORANDUM ON OBJECTION TO CONFIRMATION
## FILED BY AMERICREDIT FINANCIAL SERVICES

**APPEARANCES:**    BOND, BOTES & LAWSON, P.C.
    Cynthia T. Lawson, Esq.
    5418 Clinton Highway
    Knoxville, Tennessee  37912
    Attorneys for Debtors

    HUSCH & EPPENBERGER, LLC
    Holly N. Knight, Esq.
    Christopher M. Kerney, Esq.
    424 Church Street
    Suite 1505
    Nashville, Tennessee  37219
    Attorneys for AmeriCredit Financial Services

    GWENDOLYN M. KERNEY, ESQ.
    Post Office Box 228
    Knoxville, Tennessee  37901-0227
    Chapter 13 Trustee

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court on the Objection to Confirmation of Plan and Plan Terms Filed by AmeriCredit Financial Services (Objection to Confirmation) filed on November 15, 2006, by AmeriCredit Financial Services (AmeriCredit). The court held a preliminary hearing on the Objection to Confirmation on December 6, 2006, at which time the parties agreed that the matter could be decided on stipulations and briefs. The parties filed Joint Stipulations of Facts on January 3, 2007. The Memorandum of Facts and Law in Support of Objection to Confirmation by AmeriCredit Financial Services and the Debtors' Brief in Support of Surrendering Collateral of AmeriCredit, a 2005 Ford Exloorer [sic] and a 2005 Ford F-150, "In Full Satisfaction of the Debt" were filed on January 16, 2007.[1] Because the identical issues raised by AmeriCredit in the present case were decided by the court in two prior cases, *In Re Ezell*, 338 B.R. 330 (Bankr. E.D. Tenn. 2006) and more recently in *In re Steakley*, ___ B.R. ___, 2007 WL 259570 (Bankr. E.D. Tenn. Jan. 17, 2007), the Objection to Confirmation will be overruled.

The Debtors filed the Voluntary Petition commencing their bankruptcy case under Chapter 13 of the Bankruptcy Code on October 13, 2006. AmeriCredit is a secured creditor of the Debtors holding a $17,311.47 claim secured by a 2005 Ford F-150 (F-150) and a $27,219.42 claim secured by a 2005 Ford Explorer (Explorer). The Debtors' Chapter 13 Plan (Plan) proposes monthly payments of $940.00 for 60 months, plus payment of all tax refunds, resulting in a projected dividend of 5-20% to nonpriority unsecured creditors. With respect to AmeriCredit's claims, the Plan proposes to surrender the F-150 and Explorer each "in full satisfaction" of the debt.

---

[1] The court also takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of all material undisputed facts of record in the Debtors' bankruptcy case.

Pursuant to the December 7, 2006 scheduling Order, the sole issue the court is called upon to resolve is "whether the provision at paragraph 14 of the Debtors' Chapter 13 Plan that the collateral securing [AmeriCredit's] claims, a 2005 Ford Explorer and a 2005 Ford Truck F-150, which the Debtors propose to 'Surrender in Full Satisfaction of Debt,' meets the confirmation requirements of 11 U.S.C. § 1325(a)(5) (2005)."

Section § 1325(a) provides, in material part:

> (a) Except as provided in subsection (b), the court shall confirm a plan if—
>
> . . . .
>
>> (5) with respect to each allowed secured claim provided for by the plan—
>>
>>> (A) the holder of such claim has accepted the plan;
>>>
>>> (B)(i) the plan provides that—
>>>
>>>> (I) the holder of such claim retain the lien securing such claim until the earlier of—
>>>>
>>>>> (aa) the payment of the underlying debt determined under nonbankruptcy law; or
>>>>>
>>>>> (bb) discharge under section 1328; and
>>>>
>>>> (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>>>
>>> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
>>>
>>> (iii) if—

      (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

      (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or

    (C) the debtor surrenders the property securing such claim to such holder;

. . . .

For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [period[2]] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing[.]

11 U.S.C. § 1325(a) (2005). In *Ezell*, the court determined that 11 U.S.C. § 1325(a), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, eliminated the ability of secured creditors to bifurcate their claims into secured and unsecured components under 11 U.S.C. § 506(a) (2005) when the provisions of the alphanumeric paragraph located at the end of § 1325(a) are met. Accordingly, under this "Anti-Cramdown Provision," once the requirements therein are met, debtors wishing to retain collateral under § 1325(a)(5)(B) must pay the full amount of the creditor's secured claim, and debtors wishing to surrender collateral under § 1325(a)(5)(C) may do so in full satisfaction of the debt. *Ezell*, 338 B.R. at 340. In *Steakley*, the court expanded upon *Ezell*, holding that the Bankruptcy Code preempts state law with respect to modification of creditors' rights, and that § 1325(a)(5)(C), when considered in conjunction with the "Anti-Cramdown

---

[2] The court supplies this word which was presumably inadvertently omitted by the drafters of the statute.

4

Provision," leaves no avenue for a creditor to claim a deficiency balance under state law or the Uniform Commercial Code when the collateral securing a "910" claim is surrendered in full satisfaction of the debt. *Steakley*, 2007 WL 259570, at *6.

All of the applicable requirements set forth in the "Anti-Cramdown Provision" apply in this case. The Debtors purchased the F-150 on November 29, 2005, and the Explorer on November 28, 2005. Both motor vehicles were purchased by the Debtors for their personal use within the 910-day period set forth in the statute, and the Retail Installment Contracts executed by the Debtors granted AmeriCredit purchase money security interests in the F-150 and the Explorer. Accordingly, based upon the *Ezell* and *Steakley* decisions, which are controlling on this issue, § 506(a) does not apply to AmeriCredit's claims, the "Anti-Cramdown Provision" solidifies its position as a fully-secured creditor of the Debtors without regard to whether the proposed treatment is retention or surrender of the vehicles, and there is no avenue by which AmeriCredit may bifurcate its fully-secured claim and file an unsecured deficiency claim. AmeriCredit's Objection to Confirmation shall be overruled, and the Debtors' Plan will be confirmed by a separate order.

FILED: February 9, 2007

BY THE COURT

/s/ RICHARD STAIR, JR.

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE