**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

                                          Case No.  06-32392

TRACY JUSTIN KECK
STACEY RENA KECK

                   Debtors

**MEMORANDUM ON OBJECTION  BY
CHAPTER 13 TRUSTEE TO PROOFS OF CLAIM
FILED BY AMERICREDIT**

**APPEARANCES:**    CYNTHIA T. LAWSON, ESQ.
                            5418 Clinton Highway
                            Knoxville, Tennessee  37912
                            Attorney for Debtors

                           HALE DEWEY & KNIGHT, PLLC
                            Holly N. Knight, Esq.
                            Christopher M. Kerney, Esq.
                            424 Church Street, Suite 1505
                            Nashville, Tennessee  37219
                            Attorneys for AmeriCredit, as Assignee of
                               Bay View Acceptance Corporation

                           GWENDOLYN M. KERNEY, ESQ.
                            Post Office Box 228
                            Knoxville, Tennessee  37901-0227
                            Chapter 13 Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

The Debtors filed the Voluntary Petition commencing their bankruptcy case under Chapter 13 of the Bankruptcy Code on October 13, 2006. AmeriCredit Financial Services, as AmeriCredit, Assignee of Bay View Acceptance Corporation (AmeriCredit), is a secured creditor of the Debtors by virtue of a Retail Installment Contract and Security Agreement dated November 29, 2005, granting it a purchase money security interest in the Debtors' 2005 Ford F-150 Truck (Ford Truck). On November 6, 2006, AmeriCredit filed a secured claim in the amount of $17,311.47. The Debtors' Chapter 13 Plan, which was confirmed by an Order Confirming Chapter 13 Plan (Confirmed Plan) entered on February 23, 2007, over the objection of AmeriCredit, provides for the surrender of the Ford Truck "in full satisfaction" of the debt. On April 2, 2007, AmeriCredit filed an Amended Unsecured Deficiency Claim in the amount of $6,102.88.[1]

On August 16, 2007, the Chapter 13 Trustee filed the Objection By Chapter 13 Trustee to Proof of Claim Filed By Americredit assignee BayView Accept Corp [sic] asking the court to disallow AmeriCredit's $17,311.77 secured claim in its entirety because the Confirmed Plan provides for the surrender of the Ford Truck "in full satisfaction" of the Debtors' obligation to AmeriCredit. Thereafter, on August 21, 2007, the Chapter 13 Trustee filed an Objection By Chapter 13 Trustee to Proof of Claim Filed By Americredit assignee BayView Accept Corp [sic] (collectively, Objection to Claims), objecting to the allowance of AmeriCredit's $6,102.88 unsecured deficiency claim. AmeriCredit filed its Response to Trustee's Objection to Proof of Claim Filed By AmeriCredit Financial Services on September 17, 2007, and the Objection to Claims was scheduled

---

[1] Pursuant to an Order entered on December 8, 2006, AmeriCredit was granted relief from the automatic stay to allow it to enforce its security interest in the Ford Truck.

for hearing on October 3, 2007. At the hearing, the court summarily sustained the Trustee's Objection to Claims from the bench. This memorandum will formalize the court's ruling.

The court made its ruling based upon the *res judicata* effect of the Confirmed Plan. *See* 11 U.S.C. § 1327(a) (2005) ("The provisions of a confirmed plan bind the debtor and each creditor, . . . whether or not such creditor has objected to, has accepted, or has rejected the plan."); *Salt Creek Valley Bank v. Wellman (In re Wellman)*, 322 B.R. 298, 301 (B.A.P. 6th Cir. 2004) ("An order confirming a Chapter 13 plan is *res judicata* as to all justi[c]iable issues which were or could have been decided at the confirmation hearing.") (citations omitted).

In its February 9, 2007 Memorandum on Objection to Confirmation Filed By AmeriCredit Financial Services and corresponding Order, the court overruled AmeriCredit's Objection to Confirmation of Plan and Plan Terms Filed By AmeriCredit Financial Services on November 15, 2006, on the basis that 11 U.S.C. § 1325(a) (2005), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, removed the ability of secured creditors to bifurcate their claims under 11 U.S.C. § 506(a) (2005) into secured and unsecured components when the provisions of the "hanging paragraph" located at the end of § 1325(a) are satisfied, with the result that debtors wishing to surrender collateral falling within that limitation may do so under 11 U.S.C. § 1325(a)(5)(C) in full satisfaction of the debt owed. While AmeriCredit has appealed both the February 9, 2007 Order overruling its Objection to Confirmation and the February 23, 2007 Confirmed Plan, the effect of these Orders has not been stayed pending appeal. Thus, the Order overruling AmeriCredit's Objection to Confirmation of Plan and Plan Terms and the subsequent Confirmed Plan constitute the law of the case notwithstanding the appeals. *See In re Davis*, 160 B.R.

577, 580 (Bankr. E.D. Tenn. 1993) (holding that the "consequences of failing to obtain a stay [pending appeal] is that the prevailing party may treat the judgment of the bankruptcy court as final, notwithstanding that an appeal is pending.") (citations omitted).  For these reasons, the Chapter 13 Trustee's Objection to Claims will be sustained, and AmeriCredit's claims will be disallowed.

     An appropriate order will be entered.


FILED:  October 5, 2007

                            BY THE COURT

                            */s/  RICHARD STAIR, JR.*

                            RICHARD STAIR, JR.
                            UNITED STATES BANKRUPTCY JUDGE