IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

                                        Case No. 06-32392

TRACY JUSTIN KECK
STACEY RENA KECK

                 Debtors


## MEMORANDUM ON
## OBJECTION BY CHAPTER 13 TRUSTEE
## TO PROOF OF CLAIM FILED BY AMERICREDIT


**APPEARANCES:**    CYNTHIA T. LAWSON, ESQ.
                         5418 Clinton Highway
                         Knoxville, Tennessee 37912
                         Attorney for Debtors

                      HALE DEWEY & KNIGHT, PLLC
                         Holly N. Knight, Esq.
                         Christopher M. Kerney, Esq.
                         424 Church Street, Suite 1505
                         Nashville, Tennessee 37219
                         Attorneys for AmeriCredit, as Assignee of
                           BayView Acceptance Corporation

                    GWENDOLYN M. KERNEY, ESQ.
                         Post Office Box 228
                         Knoxville, Tennessee 37901-0227
                         Chapter 13 Trustee


**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

The Debtors filed the Voluntary Petition commencing their bankruptcy case under Chapter 13 of the Bankruptcy Code on October 13, 2006. AmeriCredit Financial Services, as AmeriCredit, Assignee of BayView Acceptance Corporation (AmeriCredit), is a secured creditor of the Debtors by virtue of a Retail Installment Contract and Security Agreement dated November 28, 2005, granting it a purchase money security interest in the Debtors' 2005 Ford Explorer (Ford Explorer). On April 2, 2007, AmeriCredit filed an unsecured deficiency claim in the amount of $14,874.25.[1] The Debtors' Chapter 13 Plan, which was confirmed by an Order Confirming Chapter 13 Plan (Confirmed Plan) entered on February 23, 2007, over the objection of AmeriCredit, provides for the surrender of the Ford Explorer "in full satisfaction" of the debt.

On September 10, 2007, the Chapter 13 Trustee filed the Objection By Chapter 13 Trustee to Proof of Claim Filed By Americredit assignee BayView Accept Corp [sic] (Objection to Claim) asking the court to disallow AmeriCredit's $14,874.25 unsecured deficiency claim in its entirety because the Confirmed Plan provides for the surrender of the Ford Explorer "in full satisfaction" of the Debtors' obligation to AmeriCredit. AmeriCredit filed its Response to Trustee's Objection to Proof of Claim Filed By AmeriCredit Financial Services on September 17, 2007, and the Objection to Claim was scheduled for hearing on October 17, 2007. At the hearing, the court summarily sustained the Trustee's Objection to Claim from the bench. This memorandum will formalize the court's ruling.

---

[1] AmeriCredit filed its initial claim on November 13, 2006, in the amount of $27,219.42 as secured by the Ford Explorer. Pursuant to an Order entered on December 8, 2006, AmeriCredit was granted relief from the automatic stay to allow it to enforce its security interest in the Ford Explorer. In its Response to the Trustee's Objection to Claim, AmeriCredit mistakenly refers to the April 2, 2007 deficiency claim as "a secured Proof of Claim."

The court made its ruling based upon the *res judicata* effect of the Confirmed Plan.  *See* 11 U.S.C. § 1327(a) (2005) ("The provisions of a confirmed plan bind the debtor and each creditor, . . . whether or not such creditor has objected to, has accepted, or has rejected the plan."); *Salt Creek Valley Bank v. Wellman (In re Wellman)*, 322 B.R. 298, 301 (B.A.P. 6th Cir. 2004) ("An order confirming a Chapter 13 plan is *res judicata* as to all justi[c]iable issues which were or could have been decided at the confirmation hearing.") (citations omitted).

In its February 9, 2007 Memorandum on Objection to Confirmation Filed By AmeriCredit Financial Services and corresponding Order, the court overruled AmeriCredit's Objection to Confirmation of Plan and Plan Terms Filed By AmeriCredit Financial Services on November 15, 2006, on the basis that 11 U.S.C. § 1325(a) (2005), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, removed the ability of secured creditors to bifurcate their claims under 11 U.S.C. § 506(a) (2005) into secured and unsecured components when the provisions of the "hanging paragraph" located at the end of § 1325(a) are satisfied, with the result that debtors wishing to surrender collateral falling within that limitation may do so under 11 U.S.C. § 1325(a)(5)(C) in full satisfaction of the debt owed.  While AmeriCredit has appealed both the February 9, 2007 Order overruling its Objection to Confirmation and the February 23, 2007 Confirmed Plan, the effect of these Orders has not been stayed pending appeal.  Thus, the Order overruling AmeriCredit's Objection to Confirmation of Plan and Plan Terms and the subsequent Confirmed Plan constitute the law of the case notwithstanding the appeals.  *See In re Davis*, 160 B.R. 577, 580 (Bankr. E.D. Tenn. 1993) (holding that the "consequences of failing to obtain a stay [pending appeal] is that the prevailing party may treat the judgment of the bankruptcy court as final,

notwithstanding that an appeal is pending.") (citations omitted). For these reasons, the Chapter 13 Trustee's Objection to Claim will be sustained, and AmeriCredit's claims will be disallowed.

      An appropriate order will be entered.

FILED: October 23, 2007

                                        BY THE COURT

                                        */s/ RICHARD STAIR, JR.*

                                        RICHARD STAIR, JR.
                                        UNITED STATES BANKRUPTCY JUDGE